CaMpbell, Chief Justice,
delivered the opinion of the court:
The plaintiff claims to be entitled to compensation under an implied contract. Its claim was presented to the Secretary of War under the provisions of the act of March 2,1919, 40 Stat. 1272, known as the Dent Act, and was disallowed. It comes to this court under section 2 of the Dent Act.
A written contract was made between the plaintiff and the United States whereby the former agreed to furnish labor and materials and do work of construction and repair at Camp Pike, Ark., such as would be ordered from time to time, in writing, within six months from the date of the contract in accordance' with drawings and specifications to be furnished by the contracting officer, “ and subject in every detail to his supervision, direction, and instruction.” The contracting officer was authorized to make changes in the *7 ■specifications, to issue additional instructions, require additional work, and direct omissions of work previously ordered. Provision was made for reimbursing the contractor for his actual net expenditures in the performance of the work. In addition to this reimbursement and as full compensation for his services he was to be paid a fee to be determined from a graduated schedule, set forth in the contract. There was, however, a provision that the total fee ■.should in no event exceed the sum of $15,000, “ anything in ■ this agreement to the contrary notwithstanding.” A short time after this contract was made it was ascertained that the '•estimated expenditures upon the work would be greatly exceeded and owing to this fact a supplemental contract was made extending the time from six to eight months and the •maximum fee to the contractor from $15,000 to $65,000. This supplemental contract brought the date of expiration of the •contract period to June 80, 1918.
The method of authorizing and ordering the work was as follows: The War Department, or the division in charge, would prepare and forward to the constructing quartermaster (the officer in charge at the site of the work) letters authorizing the construction or repair of designated work (these authorizations being known to the parties as “ L. A. •C.”). Upon their receipt, or when in his judgment it was suitable, the constructing quartermaster would notify the -contractor of the authorization, and then, or afterwards, would give an order for the authorized work to proceed or ■be done. When the contract time expired, and, in fact, before it had expired, it was apparent that a large amount of •the work that was estimated for remained to be done. Authorizations had issued for construction in some instances that had not been followed by orders to proceed, and some orders to proceed had been issued which could not be complied with by June 30. In this state of affairs the contractor naturally objected to going forward with the work and the ■outlay incident thereto without some definite arrangement ■regarding his reimbursement and compensation. He made protest to the proper authorities in Washington. He was ••assured that a supplemental contract to take care of the *8 situation would be madd, and he was urged in the meantime to proceed with the work. He did proceed, and his actual net expenditures were repaid as formerly. On August 22 another contract was executed by the parties. It did not in terms refer to work done or fees earned between June 30 and the date of the new contract, but it provided for new and additional work not contemplated by the first contract and made changes in the schedule of fees. The estimated sums to be expended under this new contract were larger than had been expended under the other and aggregated several millions of dollars. It also provided for compensation based upon a specified schedule but limited the amount not to exceed $160,000. Work was suspended under the new contract because of the armistice, but the plaintiff was reimbursed for his expenditures under it and was paid as compensation approximately $95,000. He had been paid as compensation under the first contract the maximum sum provided for therein, $65,000.
It thus appears that the plaintiff was reimbursed for all expenditures whether made before June 30 or between June 30 and August 22 or after August 22, the date of the new contract. He received the maximum compensation fixed under the first and supplemental contracts and the amount due under the terms of the new contract, but he claims he has not been compensated on account of work done between June 30 and August 22. Whether he is entitled to compensation for work or expenditures during that period is the principal question in the case. We are clearly of the opinion that the contractor is entitled to compensation, based upon the amount of expenditures that were duly ordered after June 30, the date the written contract expired, and before August 22, the date the new contract was made. During this period a large amount of work was done. No question was made at any time about the authority under which the plaintiff proceeded with the work during this period. It had been duly authorized; it was authoritatively ordered to be done; it was performed by plaintiff, and he was reimbursed for his expenditures. Neither the expenditures between June 30 and August 22 nor plaintiff’s com *9 pensation during such period was considered in making payments or reimbursements after August 22 under the contract of that date. No good reason has been assigned for not compensating him for his labor. It would seem from the decision of the Secretary of War, referred to in the findings of fact, that this official could not find from the record before him the amount of expenditures between the dates mentioned, and that if the fact had appeared the decision upon the point in question may have been different. But the fact does appear in the record here, and we have based compensation on the amount ascertained to have been expended between the dates and upon the orders stated.
We think there is no merit in the plaintiff’s contention that work authorized and ordered prior to July 1 may, in some instances, have been carried over until after that date. The contract fixed a maximum fee to be paid for work or expenditures ordered within the period covered by it, and plaintiff is, of course, bound by his contract. The work done after August 22, regardless of when it was authorized or ordered, was paid for under the contract of that date.
The plaintiff should have judgment for the amount ($7,725.00), ascertained as stated, to be due. And it is so ordered.
Graham, Judge; Hat, Judge; Downet, Judge; and Booth, Judge, concur.