Graham, Judge,
delivered the opinion of the court:
This suit arises out of two contracts, the first a cost-plus contract dated April 20, 1917, for the supplying of two sets of gauges. It was to be completed in six months and the contract provided that—
“ It is mutually agreed that the payments due the contractor under this contract shall in no event exceed a total of one hundred thousand (100,000) dollars, and in case the entire work contemplated by this contract shall not have been satisfactorily completed when the total payments due have reached the sum of one hundred thousand (100,000) dollars, the contractor shall complete the remaining work without further compensation of any kind.”
The second contract was dated May 3, 1919, and was for an additional set of gauges, under which the contractor was to furnish the labor and material and to be paid the sum of $50,000 for the “ complete set,” to be a duplicate of the two sets to be supplied under the first contract. It does not appear when the second contract was to be completed. At the time this contract was entered into the two sets of gauges contracted for under the first contract had not been completed and delivered. The two contracts were completed some time about the latter part of June or first of July, 1922. The plaintiff was paid the $100,000 called for under the first contract and the $50,000 under the second contract.
The plaintiff claims that by reason of the conduct of the officers in being too exacting and capricious as to the details and quality of the gauges, and also due to changes in drawings by the defendant’s officers, its work was delayed and its expenses increased, and that by reason thereof the work cost $311,678.86 for the two contracts, instead of $150,000 as provided by them.
*76 As to the claim that the conduct of the officers in being too exacting as to the character of the work caused delay, the first contract provides, Article Y, that:
“ If any doubts or disputes shall arise as to the meaning of anything in this contract, the matter shall be referred to the Chief of Ordnance, United States Army, for determination. If, however, the contractor shall feel aggrieved at any decisions of the Chief of Ordnance, he shall have the right to submit the same to. the Secretary of War, whose decision shall be final.”
But, aside from this, there is no satisfactory proof of how much of this claimed loss was due to this action of the officers. As to delays, the plaintiff asked for extensions of time, and extensions of time were granted. The time for the completion of the first of the contracts was October, 1917. It does not appear that it was completed until about June, 1922, nor was the second contract completed until more than three years after it was entered into.
These contracts, one being a cost-plus contract and the other the ordinary contract where plaintiff was to furnish labor and material, stand each on a different footing, and the work under the two can not be commingled for the purpose of a recovery here. The facts show that the additional expenditures claimed by reason of delays and otherwise were not segregated and kept separately for each contract, but were intermingled in such a way that it is not possible to ascertain and allot a given portion to each contract, and so it can not be determined, even if plaintiff were entitled to recover, how much it would be entitled to recover for the claimed loss on each contract.
. The claim for losses by reason of the delays, even if satisfactorily proven, would not be recoverable, for the reason that there is evidence of delays through the action of the plaintiff as well as through the action of the defendant, and this court has held that where both parties to a contract are responsible for delay in its performance the court will not undertake to apportion the responsibility for the delays. See Plack and Deal, etc., v. United States, No. E-487, decided February 4, 1929 (66 C. Cls. 641); Caldwell & Drake v. Schmulbach,, 175 Fed. 429; Jefferson Hotel Co. v. Brum- *77 baugh, 168 Fed. 867, 875 (C. C. A., 4th Cir.); and Vilter Manufacturing Co. v. Tygart's Valley Brewing Co., Id., pages 1002, 1005, and cases cited.
But, further, the first contract provided in express terms the maximum amount to be paid, viz, $100,000, and that in no event should the payments to the contractor under the contract exceed that amount, and that if the contract was not satisfactorily completed when payments to that amount had been made, the contractor should complete the remaining work without further compensation of any kind.
This may have been an improvident provision as far as plaintiff is concerned, but it is the contract which it made and by which it must abide. Stewart-McGehee v. United States (58 C. Cls. 1, 9). It was paid and accepted $100,000, so far as appears from the findings, without protest or objection.
The second contract was entered into at the solicitation of the plaintiff before the first contract had been completed, and after plaintiff had oeen working under the first contract for more than two years.
The petition should be dismissed, and it is so ordered.
SiNNOtt, Judge; Gkeen, Judge; Moss, Judge; and Booth, OTiief Justice, concur.